BLD-011                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3617
_____

IN RE:  JASON KOKINDA,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 5:13-cv-02202)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2013

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 30, 2013)

_____

OPINION
_____

PER CURIAM

Pro se litigant Jason Kokinda asks us for a writ of mandamus directing the United

States District Court for the Eastern District of Pennsylvania to expedite proceedings on

his 28 U.S.C. § 2254 petition and bail motion.  Since filing his mandamus petition, he has

moved for expedited and emergency consideration of his mandamus petition and motion

to proceed in forma pauperis. For the following reasons, we will deny the mandamus petition, as well as his motions for expedited and emergency consideration.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay complained of by Kokinda is not tantamount to a failure to exercise jurisdiction. Kokinda filed his habeas petition in April 2013, and then filed various amendments, revisions and supplemental pleadings in May, June, and July 2013. In July 2013, he filed a petition for release on bail pending the District Court's adjudication of his habeas petition. Upon the Commonwealth of Pennsylvania's motion, the Magistrate Judge to whom the case had been transferred extended the Commonwealth's time to file a response to November 5, 2013. In August 2013, Kokinda filed yet another motion to amend his habeas petition, as well as a motion to supplement his petition for release on bail.

2

Because Kokinda sought mandamus relief less than five months after he filed his habeas petition, and because even less time had passed since he filed a motion for release on bail, the delay "does not yet rise to the level of a denial of due process." Id. (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). We are fully confident that the District Court will adjudicate Kokinda's habeas and bail petitions without undue delay.

Accordingly, we will deny the petition for a writ of mandamus. His motions for expedited and emergency consideration are denied.